1 | McGREGOR W. SCOTT
United States Attorney
2 | LAUREL D. WHITE
Assistant U.S. Attorney
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2780



FEB 23, 2006



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

11 | UNITED STATES OF AMERICA,          )
                                     )  CR. S-05-00550-DFL
12 |                   Plaintiff,      )
                v.                    )
13 |                                  )  PLEA AGREEMENT
     ROBERT HALDEMAN,                 )
14 |                                  )  Date: February 23, 2006
                  Defendant.          )  Time: 10 a.m.
15 | _____)  Judge: Hon. David F. Levi

16 |                              I.

17 |                        **INTRODUCTION**

18 |     **A.   Scope of Agreement:**   Plaintiff United States of
19 | America, by and through Assistant United States Attorney Laurel
20 | White, and defendant ROBERT HALDEMAN, (hereafter "HALDEMAN")
21 | through his attorney, Peter Kmeto, stipulate to entry of this
22 | plea agreement reached after negotiations pursuant to Federal
23 | Rules of Criminal Procedure (hereafter "FRCP") 11 and 32.   This
24 | document contains the complete plea agreement between the United
25 | States Attorney's Offices for the Eastern District of California
26 | and HALDEMAN, by and through the advice of his counsel, Peter
27 | Kmeto.   This plea agreement is limited to the United States
28 | Attorney's Office for the Eastern District of California and

1

1  cannot bind any other federal, state or local prosecuting,
2  administrative or regulatory authorities.

3       **B.   Court Not a Party:**  The Defendant understands that the
4  Court is not a party to this Plea Agreement.  Sentencing is a
5  matter solely within the discretion of the Court.  The Court is
6  under no obligation to accept any recommendations made by the
7  government, and the Court may in its discretion impose any
8  sentence it deems appropriate up to and including the statutory
9  maximum stated in this Plea Agreement.  If the Court should
10 impose any sentence up to the maximum established by the statute,
11 the defendant cannot, for that reason alone, withdraw his guilty
12 plea, and he will remain bound to fulfill all of the obligations
13 under this Agreement.  The defendant understands that neither the
14 prosecutor, defense counsel, nor the Court can make a binding
15 prediction or promise regarding the sentence he will receive.

16      **C.   Elements:**  To be found guilty of transporting visual
17 depictions of minors engaged in sexually explicit conduct as
18 alleged in Counts 1 through 3 of the Indictment, the government
19 would be required to prove beyond a reasonable doubt that 1) the
20 defendant knowingly transported a visual depiction in interstate
21 or foreign commerce by any means, including by computer; 2) that
22 the production of the visual depiction involved the use of a
23 minor engaging in sexually explicit conduct; 3) that the visual
24 depiction was of a minor engaged in sexually explicit conduct; 4)
25 that the defendant knew that such visual depiction was of
26 sexually explicit conduct, and 5) that the defendant knew that
27 the person depicted in the image engaged in sexually explicit
28 conduct was a minor.

2

1   Sexually explicit conduct means actual or simulated - (A)
2   sexual intercourse, including genital-genital, oral genital, anal
3   genital, or oral-anal, whether between persons of the same or
4   opposite sex; (B) bestiality; © masturbation; (D) sadistic or
5   masochistic abuse; or (E) lascivious exhibition of the genitals
6   or pubic area of any person.   18 U.S.C. § 2256.

## II.

## DEFENDANT'S OBLIGATIONS

**A.   Guilty Pleas:**   The defendant agrees to plead guilty to
the three counts in Indictment Cr-S-05-0550-DFL, which allege he
knowingly transported from the State and Eastern District of
California to the State of Illinois, visual depictions of  minors
engaged in sexually explicit conduct, on or about October 19,
2005, November 2, 2005, and November 30, 2005.   The defendant
specifically agrees that no threats have been made against him
and that he is pleading guilty freely and voluntarily.   The
defendant further agrees there is a factual basis to his guilty
plea and stipulates that the Factual Basis, identified as Exhibit
A and appended to this plea agreement, is true.   Defendant
further agrees that the following facts are true, and that they
may be considered by the court as relevant conduct and used to
compute his guideline offense level:

> (a)   In March 2005, the defendant made contact via
> the internet with an undercover police
> detective who was posing as a 15-year-old
> girl.   From March 2005, through December 12,
> 2005, the defendant maintained contact with
> this purported 15 year old, and another
> undercover police detective, also from
> Illinois, who was posing as a 15-year-old
> girl.   During their online chats, the
> defendant sent the "15-year-olds" adult and
> child pornography and live video feeds of

3

himself masturbating.     The defendant also stipulates he tried to persuade the "15-year-old girls" to take sexually explicit images of themselves and send them to him in California.

(b)   HALDEMAN further stipulates that,

(I)   On or about October 19, 2005, he transported from his residence in the Eastern District of California, to Illinois, an image file entitled, "!!!blow.jpg" depicting a minor female approximately 6 to 8 years old performing oral copulation on an adult male; an image file entitled "!Natasha-hurts.jpg" depicting an approximately 5-year-old girl wearing a spiked dog collar around her neck, crying as she engaged in vaginal intercourse with an adult male; and a file entitled "!!!-!!DA4yrlickssucks.jpg" depicting a girl about 4 to 5 years in age, performing oral copulation of an adult. The minors in each of the three depictions were identified by the National Center for Missing and Exploited Children as known victims of child sexual abuse.

(ii)   The defendant further stipulates that on or about November 2, 2005, he sent from his California home to Illinois, via his computer, a video file entitled "-Best Vicki by & handjob reelkiddymov underage illegal" which depicted an identified girl, approximately 10 years old, orally copulating an adult male penis.   The video was from the "Vicki" series and was produced in the United Kingdom.

(iii) The defendant further stipulates that on or about November 30, 2005, he sent from his California home to Illinois, via his computer, a video file entitled "pedo 003.mpeg" which depicted two prepubescent females, approximately 11 years old, engaged in acts of masturbation.   The defendant said at the time he transmitted the images that the girls looked to be in the fifth grade.

(iv)  The defendant further stipulates that he possessed in excess of 1,000 images depicting minors engaged in sexually

4

1

2

explicit conduct, on computer media he
maintained at his home in the State and
Eastern District of California;

3

4

(v)   that among the visual depictions he
possessed were sadistic or violent
depictions of minors engaged in sexually
explicit conduct;[1]

5

6

7

(vi)  that among the visual depictions he
transported to Illinois and which he
possessed were images depicting real
children engaged in sexually explicit
conduct; and

8

9

(iv)  that the defendant used a computer to
transport the visual depictions
identified above.

10

11

The defendant acknowledges that the indictment does not

12

allege a forfeiture count. As part of this plea agreement,

13

however, the defendant agrees to forfeit to the government, his

14

computers and related equipment because his Dell Laptop computer,

15

Model 8200, serial number G69QQ11; USB Web Cam, Model DV3100; and

16

Dell CPU, Model 4100, 4MHX901, were used in furtherance of and

17

to facilitate HALDEMAN's offenses of conviction.   HALDEMAN

18

waives his right to have received notice in the indictment of the

19

government's intent to seek forfeiture of his computer equipment.

20

Nothing in this plea agreement will preclude the United States or

21

any other government entity or agency from instituting or

22

prosecuting any such forfeiture action or from using any

23

information provided by HALDEMAN for forfeiture.   HALDEMAN

24

agrees not to contest, or assist others in contesting, the

25

forfeiture to the United States of any materials, and agrees to

26

execute the civil consent judgment of forfeiture.   HALDEMAN

27

also agrees to execute any documents required to effectuate this

28

[1]See section (b)(I) above.

5

1 plea agreement term to forfeit said assets and to pay any fine to
2 the United States. The forfeiture of the items set forth above
3 will occur on the date of judgment and sentencing or immediately
4 thereafter.

5     **B. Sentencing Agreements:** The government agrees to
6 recommend a sentence at the bottom of the sentencing guideline
7 range and agrees not to seek an upward departure. Should the
8 government recommend a downward departure in return for the
9 defendant's cooperation, the defendant agrees not to seek a
10 sentence below 105 months imprisonment.[2] The defendant further
11 agrees to pay a minimum fine unless he can demonstrate he lacks
12 both the present and future ability to pay a fine. The parties
13 request that any fine imposed be made payable to the National
14 Center for Missing and Exploited Children. The defendant
15 understands he must pay a special assessment of $100 for each
16 count of conviction.

17     The Mandatory Victim Restitution Act requires the Court to
18 order restitution to the victim of certain crimes. Restitution
19 payments shall be by cashier's or certified check made payable to
20 the Clerk of the Court. Further restitution payments shall be
21 made according to a schedule determined by the probation officer.
22 Defendant agrees that he will not seek to discharge any
23 restitution obligation or any part of such obligation in any
24 bankruptcy proceeding.

25     Finally, HALDEMAN understands and agrees that as a
26 consequence of his conviction of the crime to which he is

27

28 [2]A sentence of 105 months represents a 50 percent departure from the low end of the stipulated guideline range.

6

1  pleading guilty, he will be required to register as a sex
2  offender pursuant to 18 U.S.C. § 3563(a)(8) and the laws of the
3  state of his residence.

4      **C.  Agreement to Cooperate:**  The defendant agrees to
5  cooperate fully with the government and any other federal, state,
6  or local law enforcement agency, as directed by the government.
7  As used in this Agreement, "cooperation" requires the defendant:
8  (1) to respond truthfully and completely to all questions,
9  whether in interviews, in correspondence, telephone
10 conversations, before a grand jury, or at any trial or other
11 court proceeding; (2) to attend all meetings, grand jury
12 sessions, trials, and other proceedings at which the defendant's
13 presence is requested by the government or compelled by subpoena
14 or court order; (3) to produce any and all documents, records, or
15 other tangible evidence requested by the government; (4) not to
16 participate in any criminal activity while cooperating with the
17 government.

18     If the defendant commits any crimes or if any of the
19 defendant's statements or testimony prove to be knowingly false,
20 misleading, or materially incomplete, or if the defendant
21 otherwise violates this Plea Agreement in any way, the government
22 will no longer be bound by its representations to the defendant
23 concerning the limits on criminal prosecution and sentencing as
24 set forth herein.  The determination whether the defendant has
25 violated the Plea Agreement will be under a probable cause
26 standard.  If the defendant violates the Plea Agreement, he shall
27 thereafter be subject to prosecution for any federal criminal
28 violation of which the government has knowledge, including but

7

not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. Moreover, any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this Agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecutions. The defendant agrees to waive all defenses based on the statute of limitations or delay of prosecution with respect to any prosecutions that are not time-barred as of the date of this Agreement.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this

8

1  Agreement, the defendant waives any and all rights in the
2  foregoing respects.

### III.

#### THE GOVERNMENT'S OBLIGATIONS

**A.    Recommendations:**

6      **1.   Charges:** In return for the defendant's promise to
7  plead guilty as set forth in this plea agreement, the United
8  States Attorney's Office for the Eastern District of California,
9  agrees not to charge the defendant with receipt and possession of
10 visual depictions of minors engaged in sexually explicit conduct,
11 pursuant to 18 U.S.C. § 2252(a)(2) and (a)(4)(B).  The defendant
12 agrees, however, that his possession conduct shall be deemed
13 relevant conduct and shall be taken into consideration by the
14 court in determining his offense level and sentencing guideline
15 range.

16     **2.   Incarceration Range:**  The parties stipulate that
17 the defendant's sentencing guideline range is to be calculated
18 pursuant to  U.S.S.G. § 2G2.2.    The parties acknowledge that
19 the sentencing guideline range calculated in HALDEMAN's case is
20 advisory; that the district court, while not bound to apply the
21 Guidelines, must consult the Guidelines and take them into
22 account when sentencing.  United States y. Booker, 2005 WL 50108,
23 at 27 (Jan. 12, 2005).

24     **3.   Acceptance of Responsibility:**    The government
25 agrees to recommend that defendant receive a two-level downward
26 adjustment in his offense level for acceptance of responsibility,
27 in accordance with U.S.S.G. § 3E1.1(a).  The government's
28 recommendation is contingent upon defendant's truthful

9

1  acknowledgment of the facts of his crimes and his cooperation
2  with the Probation Office during the sentencing process, and his
3  ongoing demonstration of remorse and a showing he fully and
4  clearly accepts responsibility for his criminal conduct. If the
5  defendant's guilty plea is timely entered, thereby preventing the
6  government from having to engage in trial preparation, the
7  government will recommend to the court that he receive the
8  additional one-level adjustment for timely acceptance of
9  responsibility pursuant to U.S.S.G. § 3E1.1(b).

10                              **IV.**

11                       **MAXIMUM SENTENCE**

12     **A. Maximum Penalty:**  HALDEMAN understands that the penalty
13  for a violation of 18 U.S.C. § 2252(a)(1), as alleged in the
14  indictment, is a 5-year mandatory minimum, to 20-year maximum
15  sentence of imprisonment, a $250,000 fine, a possible life-term
16  of supervised release, and a special assessment of $100 per
17  count.

18     **B. Supervised Release:**  The defendant understands and
19  agrees that if he violates a condition of supervised release at
20  any time during the term of supervised release, the Court may
21  revoke the term of supervised release and require the defendant
22  to serve up to 5 additional years imprisonment.

23                              **V.**

24                    **SENTENCING DETERMINATION**

25     **A. Statutory Authority:**  HALDEMAN understands that the
26  Court must consult the Federal Sentencing Guidelines (as
27  promulgated by the Sentencing Commission pursuant to the
28  Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28

                              10

1  U.S.C. §§ 991-998, and as modified by United States v. Booker and
2  United States v. Fanfan, 2005 WL 50108 (Jan. 12, 2005)), and must
3  take them into account when determining a final sentence.
4  Defendant understands that the Court will determine a non-binding
5  and advisory guideline sentencing range for this case pursuant to
6  the Sentencing Guidelines.   Defendant further understands that
7  the Court will consider whether there is a basis for departure
8  from the guideline sentencing range (either above or below the
9  guideline sentencing range) because there exists an aggravating
10 or mitigating circumstance of a kind, or to a degree, not
11 adequately taken into consideration by the Sentencing Commission
12 in formulating the Guidelines.   Defendant further understands
13 that the Court, after consultation and consideration of the
14 Sentencing Guidelines, must impose a sentence that is reasonable
15 in light of the factors set forth in 18 U.S.C. § 3553(a).

16      By this plea agreement, the parties stipulate that the Court
17 refer this matter -- prior to judgment and sentencing -- to the
18 U.S. Probation Office for a full presentence report.   The parties
19 agree to be bound by the terms of this plea agreement even though
20 a full presentence report will be generated and even if such a
21 full presentence report contains a recommendation other
22 than the stipulated adjusted offense level herein.   Each party
23 retains the right to provide to the federal sentencing court and
24 the appropriate probation office all information regarding the
25 facts concerning the charge, about HALDEMAN, and about the
26 applicable law.

27      **B.  Stipulations Affecting Guidelines Calculation:**   The
28 government and the defendant agree that there is no material

11

1  dispute as to the following sentencing guideline variables and
2  therefore stipulate to the following:

3         **Base Offense Level:**

4         The guideline for a violation of 18 USC §§ 2252(a)(1) is
5  found at  USSG § 2G2.2 - Trafficking in Materials Involving the
6  Sexual Exploitation of a Minor; Possessing Material Involving the
7  Sexual Exploitation of a Minor.

8         **1.** Pursuant to § 2G2.2(a)(2) the base offense level is 22.

9         **2.** A two-level enhancement is applied pursuant to U.S.S.G. §
10 2G2.2(b)(2) because the defendant transported and possessed
11 material involving a prepubescent minor or minors under the age
12 of twelve years.

13        **3.**    Defendant also receives a five-level enhancement under
14 U.S.S.G. § 2G2.2(b)(3)(B), where the defendant's distribution was
15 for the receipt, or expectation of receipt, of a thing of value,
16 but not for pecuniary gain.[3]

17        **4.**    Defendant receives a 4-level enhancement under U.S.S.G.
18 § 2G2.2(b)(4), where the defendant transported and possessed
19 material that portrayed sadistic or other depictions of
20 violence.[4]

21        **5.**    Where the defendant's distribution involved the use of a
22 computer, 2 additional points are added under U.S.S.G.
23 2G2.2(b)(6).

24

25        [3]The defendant sent visual depictions to persons he thought
   were 15 year old girls and asked them to photograph themselves in
26 sexually explicit poses and send the images back to him.

27        [4]As indicated in the factual basis, the defendant transported
   and possessed images depicting very young minors, under 9 years of
28 age, being vaginally penetrated, and engaged in sexual bondage.

12

1    **6.** Defendant also receives a 5-level enhancement under
2  U.S.S.G. § 2G2.2(b)(7)(D), because the offense involved at least
3  600 images.[5]

4       **7.   Victim-related Adjustments:** Not applicable.

5       **8.   Role in the Offense Adjustment:** Not applicable.

6       **9.   Obstruction Adjustment:** Not applicable.

7       **10.  Adjusted Offense Level:** The defendant's resulting
8  offense level is 40.

9       **11.  Acceptance of Responsibility:** HALDEMAN understands
10 that to be eligible for the two-level reduction in offense level
11 for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a),
12 he must cooperate fully with the probation officer,  provide
13 truthful information to the U.S. Probation Office for purposes of
14 preparing a presentence report, express remorse for his crime,
15 admit to the factual elements necessary to support his conviction
16 as charged, and commit no crimes before judgment and sentencing.
17 Absent such a showing of remorse and demonstration of full
18 cooperation with the probation officer, the government will not
19 recommend the acceptance of responsibility reduction.

20      Further, in order for the government to recommend he receive
21 a 1-level downward adjustment in offense level under § 3E1.1(b),
22 the defendant must agree to enter his guilty plea in a timely
23 fashion so as to prevent the government from having to prepare
24 for trial.

25      **12.  Criminal History:** The parties do not stipulate to the

26 ───────────────

27 [5]Defendant's collection of visual depictions of minors engaged
   in sexually explicit conduct numbered in the thousands.  The case
28 agent stopped counting after he reached approximately 2,000 such
   images.

13

1 defendant's criminal history but believe he is in category I.

2    **13.  Departures:** The parties agree not to seek any departure
3 other than the departure for cooperation if the defendant
4 provides substantial assistance to the government.

5    **14.  Sentencing Range:** Assuming an offense level of 37
6 (adjusted downward by three points from a level 40  to account
7 for defendant's acceptance of responsibility), and a criminal
8 history category I, the defendant's sentencing range would be 210
9 to 262 months.[6]

10                              **VI.**

11                            **WAIVERS**

12    **A.    Advisement and Waiver of Rights:** HALDEMAN agrees that
13 he has been advised by his attorney of his rights under Rule 11
14 of the Federal Rules of Criminal Procedure and he fully
15 understands those rights and is completely satisfied with his
16 attorney's representation.  HALDEMAN agrees that he has been
17 advised by his attorney regarding his constitutional rights and
18 acknowledges that his Fifth Amendment rights have not been
19 violated by any statements made by him at any time in this case.

20    HALDEMAN expressly recognizes that he has the following
21 rights, summarily listed herein, that have been fully explained
22 to him by his attorney:

23        (a)   The right to plead not guilty and persist in that plea.
24        (b)   The right to a speedy and public jury trial.

25 ─────────────────────────
26    [6]The parties reiterate that they have NOT stipulated to
defendant's criminal history and do not represent that he is in
criminal history category I.   The sentencing range based on a
27 criminal history category I is stated here merely to inform the
defendant of the lowest possible sentencing guideline range he
28 faces.

14

1      (c)   The right to assistance of counsel at all proceedings
2      including trial and appeal.

3      (d)   The right to remain silent at trial.

4      (e)   The right to testify at trial.

5      (f)   The right to confront and cross-examine witnesses.

6      (g)   The right to present evidence and witnesses.

7      (h)   The right to compulsory process of the court.

8      (i)   The right to be presumed innocent.

9      (j)   The right to a unanimous guilty verdict.

10     (k)   The right to appeal a guilty verdict.

11     HALDEMAN further understands that he waives each and every
12 one of the rights (except as to counsel) identified herein by
13 pleading guilty pursuant to this plea agreement, and it is his
14 knowing and voluntary intention to do so.   Also, HALDEMAN
15 acknowledges that if his guilty plea is accepted, there will not
16 be a trial of any kind.

17     **B.   Wavier of Appeal and Collateral Attack:** The defendant
18 understands that the law gives him a right to appeal his
19 conviction and sentence.   HALDEMAN agrees to waive all rights to
20 appeal his guilty plea and the sufficiency of the evidence
21 against him and to attack collaterally his guilty plea and the
22 sufficiency of the evidence against him, pursuant to 18 U.S.C. §
23 3742, 28 U.S.C. §§ 2255 and 2241.   Further, HALDEMAN agrees to
24 waive all rights to appeal and attack collaterally any aspect of
25 his sentence pursuant to 18 U.S.C. § 3742, 28 U.S.C. §§ 2255 and
26 2241, to the extent he is sentenced to no more than 210 months

27

28

15

1 imprisonment.[7]   If the defendant's conviction is ever vacated at
2 the defendant's request, or his sentence is ever reduced at his
3 request, the government shall have the right (1) to prosecute the
4 defendant on any of the counts to which he pleaded guilty; and
5 (2) to file any new charges that would otherwise be barred by
6 this agreement.   The decision to pursue any or all of these
7 options is solely in the discretion of the United States
8 Attorney's Office.  By signing this agreement, the defendant
9 agrees to waive any objections, motions, and defenses he might
10 have to the government's decision to re-file such charges.   In
11 particular, he agrees not to raise any objections based on the
12 passage of time with respect to such counts including, but not
13 limited to, any statutes of limitation or any objections based on
14 the Speedy Trial Act or the Speedy Trial Clause of the Sixth
15 Amendment.

16    **C. Waiver of Attorney's Fees and Costs:**   HALDEMAN agrees
17 to waive all rights under the "Hyde Amendment," P.L. 105-119 §
18 627 (Nov. 26, 1997), to recover attorneys' fees or other
19 litigation expenses in connection with this investigation and
20 prosecution (including without limitation any charge to be
21 dismissed pursuant to this plea agreement and any related
22 allegations or statements).

23    **D. Other Considerations:**

24    In signing this plea agreement, HALDEMAN and his attorney
25 agree that HALDEMAN is not under the influence of any drug,
26 medication, liquor, intoxicant or depressant, and that HALDEMAN

27 _____

28 [7]Defendant agrees that any restitution imposed, a fine, and
the terms of his supervised release are part of his sentence.

16

1  is fully capable of understanding the terms and conditions of
2  this plea agreement.

3      The parties agree to be bound by the U.S.S.G. provisions
4  that were in effect at the time his offense was committed.

5                              **VII.**

6                   **ENTIRE PLEA AGREEMENT**

7      Other than this Plea Agreement, no agreement, understanding,
8  promise, or condition between the government and the defendant
9  exists, nor will such agreement, understanding, promise, or
10 condition exist unless it is committed to writing and signed by
11 the defendant, counsel for the defendant, and counsel for the
12 United States.

13                             **VIII.**

14                 **APPROVALS AND SIGNATURES**

15     The undersigned Assistant United States Attorney hereby
16 accepts and agrees to this plea agreement for the United States.

17 DATED:  _2 -23- 06_             McGREGOR W. SCOTT
                                   United States Attorney
18

19
                            By:  _____
20                               LAUREL D. WHITE
                                 Assistant U.S. Attorney
21

22
       I, ROBERT A. HALDEMAN, have consulted with my attorney and I
23
   fully understand all my rights, including those rights contained
24
   in FRCP 11 and my constitutional rights, with respect to the
25
   offense charged by the indictment against me.  I have read the
26
   Indictment and carefully reviewed it with my attorney.   I
27
   understand the nature of the charges against me and the elements
28

                                  17

1  of the offense charged.     I have read this plea agreement and I
2  have carefully reviewed every part of it with my attorney.     By
3  signing below, I signify that I understand the plea agreement
4  and I voluntarily and willfully agree to it's terms.     I
5  specifically  acknowledge that the plea agreement contains a
6  waiver of appeal rights.  I acknowledge that I have agreed  to
7  waive all rights to appeal my guilty plea and the sufficiency of
8  the evidence against me and to attack collaterally my guilty plea
9  and the sufficiency of the evidence against me, pursuant to 18
10 U.S.C. § 3742, 28 U.S.C. §§ 2255 and 2241.  I also agree to waive
11 all rights to appeal and attack collaterally any aspect of my
12 sentence pursuant to 18 U.S.C. § 3742, 28 U.S.C. §§ 2255 and
13 2241, to the extent I am sentenced to no more than 210 months in
14 prison.  I understand there are no other terms or oral
15 agreements, other than what is contained in this written plea
16 agreement. In addition, no one has threatened or forced me in any
17 way to enter into this Plea Agreement.  Finally, I am satisfied
18 with the representation of my attorney in this case.

19 DATED: _____ 2/23/06 _____

20                                      ROBERT A. HALDEMAN

21
22    I, Peter Kmeto, am ROBERT A. HALDEMAN's attorney.  I have
23 read this Plea Agreement and have discussed it fully with my
   client.  The Plea Agreement accurately and completely sets forth
24 the entirely of his agreement with the government.  I have fully
25 explained to my client the nature of the charges against him, the
26 elements of the offense and have discussed with him that he will
27 be sentenced under the United States Sentencing Guidelines.  I
28

18

1  further acknowledge that I have discussed with him the
2  consequences of the appeal waivers.   To my knowledge, his
3  decision to enter into this plea agreement and to waive appeal
4  and collateral attack, is an informed and voluntary one.   I
5  concur in my client's decision to plead guilty as set forth in
6  this written Plea Agreement.
7  DATED:   2/23/66

PETER KMETO
8                                 Attorney for Defendant
9                                 ROBERT A. HALDEMAN
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19

1

Exhibit A

2        In March, 2005, the defendant, who lived in Placerville,
3   State and Eastern District of California, began to communicate
4   via the internet, with an Illinois-based undercover officer who
5   represented himself to be a 15-year old girl.  The officer was
6   conducting online investigations of persons who access the
7   internet in search of minors for sexual purposes.   The defendant
8   began to send adult pornography to the undercover officer.    He
9   also sent live Web Cam feeds of himself masturbating.  The
10  defendant then asked the purported 15-year old girl  if she had a
11  friend.   The undercover officer got an undercover officer from a
12  neighboring Illinois community to assume the role of another 15-
13  year old girl and the two commenced communicating with the
14  defendant.   Thinking they were 15-year old girls, the defendant
15  asked the two to take pictures of themselves having sex together
16  to send to him.

17       On the dates set forth in each count of the indictment, the
18  defendant sent the undercover officers visual depictions of
19  identified minors engaged in sexually explicit conduct.   In each
20  case, the transmissions affected interstate commerce because they
21  were sent from the State and Eastern District of California to
22  Illinois.  In each case, the images he sent on October 19,
23  November 2, and November 30, 2005, depicted a known minor engaged
24  in sexually explicit conduct.  Defendant knew the depictions he
25  sent were of minors.  On one occasion he acknowledged one girl
26  looked to be in fifth grade.  Each image sent on the three dates
27  were sexually explicit as described at pages 4 and 5 of the plea
28  agreement.   Defendant acknowledges the equipment he used to

1  transport, download, and copy the sexually explicit images of
2  minors included his Dell Laptop computer, Model 8200, serial
3  number G69QQ11; USB Web Cam, Model DV3100; and Dell CPU, Model
4  4100, 4MHX901.

5      When interviewed, the defendant said he used his computer to
6  download the child pornography, which he then transferred to
7  computer disks.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21